DA 07-0525

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2008 MT 30N

IN THE MATTER OF DECLARING
D.C.,

A Youth in Need of Care.

APPEAL FROM: District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DN 2006-028
Honorable Ed McLean, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Jim Wheelis, Chief Appellate Defender, Roberta R. Zenker,
Assistant Appellate Defender, Helena, Montana

For Appellee:

The Hon. Mike McGrath, Montana Attorney General, Jonathan M. Krauss,
Assistant Attorney General, Helena, Montana

Fred R. Van Valkenburg, Missoula County Attorney, Leslie Halligan,
Deputy County Attorney, Missoula, Montana

Submitted on Briefs: January 23, 2008

Decided: February 5, 2008

Filed:

_____
Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 A.D., the mother of D.C., appeals from the District Court's September 10, 2007 order terminating her parental rights and granting the Department of Public Health and Human Services, Division of Child and Family Services (the Department) permanent legal custody with the right to consent to adoption. A.D. raises two issues on appeal: (1) whether the evidence was sufficient to support the findings of fact for termination of [her] parental rights; and (2) whether [her] treatment plan was appropriate in that it failed to take into consideration [her] particular problems.

¶3 D.C. was born in April 2006 to A.D. and W.C. The day after her birth, D.C. was placed in emergency protective custody for a number of reasons including: her parents' illegal drug use, including A.D.'s use of methamphetamines while D.C. was in utero; W.C.'s criminal behavior and arrests; A.D.'s minimal prenatal care; an unstable home environment; the prior adjudication and placement in protective custody of D.C.'s half-sister, K.D., and K.D.'s adjudication as a youth in need of care; and A.D.'s rejection of and failure to participate in services offered to her for her benefit and the benefit of the children.

¶4      In due course, the Department was granted temporary legal custody, and D.C. was adjudicated a youth in need of care. The court approved an appropriate treatment plan for A.D. The court found that this plan identified the problems and conditions that resulted in the abuse or neglect of the child, and provided treatment goals and objectives, a projected time period, and specific treatment objectives to identify the separate roles and responsibilities of the parties.

¶5      However, on July 13, 2007, the Department filed a petition to terminate A.D.'s parental rights and to award the Department permanent legal custody with the right to consent to adoption. Following a termination hearing at which A.D. was represented by counsel and at which evidence was provided in support of the petition, the District Court issued extensive findings of fact and conclusions of law terminating A.D.'s parental rights and granting permanent legal custody with the right to consent to adoption to the Department.[1]

¶6      A.D. argues on appeal that her treatment plan was not appropriate because it failed to take into consideration her psychological deficits, some of which resulted from her being raised by the Department for a significant part of her adolescence. A.D. also argues that her mental health records should have been taken into consideration by her examining psychologist and the court. She contends that many of her difficulties were not addressed by the treatment plan, therefore, the treatment plan was not appropriate. A.D. argues that the Department did not present substantial evidence at the termination

---

[1] At the hearing, the District Court also accepted the relinquishment of parental rights of the father, W.C.

hearing to prove by clear and convincing evidence that she was an unfit parent. She contends that, on balance, she is a good parent.

¶7     To the contrary, the State argues that the District Court made the correct statutory findings and conclusions of law based on overwhelming evidence in the record. The State further argues that the court properly exercised its discretion in ordering termination of A.D.'s parental rights and that the treatment plan was appropriate.

¶8     We review a district court's decision to terminate parental rights to determine whether the district court abused its discretion. *In re D.B.*, 2007 MT 246, ¶ 16, 339 Mont. 240, ¶ 16, 168 P.3d 691, ¶ 16. Having reviewed the record on appeal and having considered the parties' briefs and arguments, we conclude that the requirements of § 41-3-609(1)(f), MCA, have been satisfied in this case—D.C. was adjudicated a youth in need of care; an appropriate, court-approved treatment plan was provided to A.D.; this treatment plan was not complied with or was not successfully completed; and the conduct or condition rendering A.D. unfit is unlikely to change within a reasonable period of time.

¶9     We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 internal operating rules, as amended in 2003, which provides for memorandum opinions. It is manifest on the face of the briefs and on the record before us that the appeal is without merit because the court's findings of fact are supported by clear and convincing evidence, and because the legal issues are clearly controlled by settled Montana law which the District Court correctly interpreted. Therefore, we hold that the District Court did not abuse its discretion in terminating A.D.'s parental rights.

¶10 Affirmed.

/S/ JAMES C. NELSON

We Concur:

/S/ KARLA M. GRAY
/S/ PATRICIA COTTER
/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS